## Case No. 4,903.

### FOLSOM v. MERCANTILE MUT. INS. CO.

[9 Blatchf. 201.] [1]

Circuit Court, S. D. New York. Nov. 9, 1871.[2]

1 [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]
2 [Affirmed in 18 Wall. (85 U. S.) 237.]

Charles M. Da Costa, for plaintiff.
Townsend Scudder, for defendants.

BLATCHFORD, District Judge. This is an action on a time policy of marine insurance, on a vessel, tried before the court, without a jury. After the plaintiff had rested his case, at the trial, the defendants offered in evidence a paper purporting to be an application presented to the defendants, requesting them to effect the insurance covered by the policy. The plaintiff objected to the introduction in evidence of the paper, on the ground that the application was merged in the policy, and that there was no plea in the case that the policy was obtained by any fraud, or by any misrepresentation. The court rejected the paper, on the ground that the evidence was inadmissible at that stage of the case. The defendants excepted to the ruling. At the close of the testimony on the part of the defendants, they renewed their offer to put the application in evidence. The objection on the part of the plaintiff to its introduction was renewed, and the court rejected it as inadmissible, and the defendants excepted. They now move for a new trial, on the ground of an alleged error committed by the court, in excluding the application as evidence.

It is urged, for the defendants, that the application was the written contract, by which the defendants agreed to issue for a certain premium, and the plaintiff agreed to take, a policy of insurance, on the terms and conditions agreed upon therein. Such contract, however, must be evidenced by the policy itself. The policy must control, in this action, in case of any difference between its provisions and those of the application. In point of fact, however, a comparison of the application with the policy shows that the provisions of the two do not differ. As to any terms or conditions contained in the application, which might be in the nature of warranties or representations, it is not contended, on the part of the defendants, that there was any misrepresentation, on the part of the plaintiff, by setting out untruly any fact contained in the application. The offer of the application in evidence was not preceded, or accompanied, or followed, by any offer to put in evidence, or by any putting in evidence of, any such misrepresentation.

It is further urged, that the application was admissible, because it did not show, on its face, where the vessel was when the application was made, or from what port she had sailed, or on what voyage she was bound, or who was her master. But the policy itself contains none of these things. The absence of them from the application has no tendency to show that the plaintiff did not, when he made the application, communicate to the defendants the facts referred to, or answer truly all questions put to him in regard thereto. As I held, in my opinion deciding the cause,—Folsom v. Mercantile Ins. Co. [Case No. 4,902], — it was for the defendants to show, affirmatively, that the facts referred to were concealed by the plaintiff, and were material to the risk; and they gave no such proof. Moreover, the application, which was in form one for a time policy, contains no blanks for any information as to the voyage of the vessel, or her whereabouts at the time of the application. It contains, as does the policy, a blank, not filled, for the name of her master, but it appeared, on the trial, that the defendants knew the name of her master at the time the application was made. Moreover, the policy, being a time policy, contains, as does the application, a warranty as to the ports and places the vessel should not visit or use. It was not claimed that she was lost while in a forbidden place, or on a forbidden voyage; and, therefore, any statement of her voyage or whereabouts was immaterial.

I am satisfied, for these reasons, that the application was properly excluded, as being entirely irrelevant to the case.

It is also urged, as a ground for a new trial, that it appeared that, in fact, the plaintiff concealed from the defendants, when he applied for the insurance, and at all times before the policy was issued, facts known to him, which were material to the risk; and that the court erred in refusing to rule, as requested by the defendants, in accordance with certain propositions of law made to the court by the defendants. In regard to the question of concealment, and the requests to rule, proposed by the defendants, I carefully considered the views urged on the part of the defendants, in giving my decision in the case, after it was tried,—Folsom v. Mercantile Ins. Co. [Case No. 4,902],—and no new views on the subject are now presented. The conclusions I arrived at are fully stated, with the reasons therefor, in such decision, and I have not been able to satisfy myself that they are erroneous.

A new trial is also asked for, on the ground that the court erred in refusing to make, on the request of the defendants, a special finding of facts in the case. The reasons which governed the court, in so refusing, were those which are set forth in the opinion in the case of Clement v. Phoenix Ins. Co. [Case No. 2,-882]. I understand the views which I there took of the effect of the provisions of the 4th section of the act of March 3, 1865 (13 Stat. 501), to be sustained by the supreme court, in the case of Norris v. Jackson, 9 Wall. [76 U. S.] 125. The court which, after the waiver of a trial by jury, tries a case without a jury, is not required to make a special finding upon the facts. It may make a general finding, and it may rightfully decline to make a special finding. There is nothing in the case of Generes v. Campbell, 11 Wall. [78 U. S.] 193, or in any other decision of the supreme court, inconsistent with this view. In this case, I think it was a proper exercise of the discretion of the court, not to make a special finding, and that a new trial ought not to be granted because of the refusal of the court to make a special finding.

In regard to the objection, that the policy does not contain the words "lost or not lost," and that the vessel had, in fact, been lost before the policy was issued, I fully considered the question, in my opinion given on deciding the cause, and adhere to the views then expressed.

The motion for a new trial is denied.